UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANA MARIA PIÑA,

    Plaintiff,

                                              Case No. 14-10716

v.

                                              Hon. John Corbett O'Meara

CHRYSLER GROUP, L.L.C.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, which was filed on April 21, 2014, and which has been fully briefed. The court heard oral argument on August 6, 2014, and took the matter under advisement. For the reasons explained below, Defendant's motion is granted.

## BACKGROUND FACTS

Plaintiff Ana Maria Piña has brought a product liability claim against Defendant Chrysler Group, L.L.C. On January 14, 2012, Plaintiff was driving her Chrysler Jeep Cherokee XJ near Valparasio, Indiana, when her vehicle was rear-ended. The fuel tank ruptured and the vehicle caught on fire, causing extensive injuries to Plaintiff.

Plaintiff's Jeep was first sold in Michigan in 1999. Plaintiff purchased the car in Indiana in 2005. Plaintiff contends that the Jeep was defective as designed,

because the fuel tank was located in the vehicle's crush zone.  Plaintiff filed this action on January 9, 2014.

## LAW AND ANALYSIS

Defendant argues that Plaintiff's claim is barred by the Indiana statute of repose.  The Indiana Products Liability Act provides that a products liability action must be commenced within ten years after the delivery of the product to the initial user or consumer. Ind. Code Ann. § 34-20-3-1.  Plaintiff filed this action in 2014, more than ten years after the Jeep was first sold in 1999.

The issue is whether Indiana law applies here to bar Plaintiff's claim.  In a diversity action, this court applies Michigan choice-of-law principles.  See Standard Fire Ins. Co. v. Ford Motor Co., 723 F.3d 690, 692 (6th Cir. 2013) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).  In tort actions, Michigan courts recognize a presumption in favor of the law of the forum "unless a 'rational reason' to do otherwise exists." Sutherland v. Kennington Truck Serv., Ltd., 454 Mich. 274, 286 (1997).

> First, we must determine if any foreign state has an interest in having its law applied.  If no state has such an interest, the presumption that Michigan law will apply cannot be overcome.  If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interest mandates that Michigan's law be applied despite the foreign interests.

Id.

In cases similar to this one, Michigan courts have applied the law of the place of the injury and the plaintiff's residence, where the only connection to Michigan was the headquarters of the auto manufacturer defendant. See Hall v. General Motors Corp., 229 Mich. App. 580, 582 (1998) (finding North Carolina statute of repose barred plaintiff's claim where he lived and worked in North Carolina at the time of the accident, which occurred in North Carolina); Farrell v. Ford Motor Co., 199 Mich. App. 81, 93 (1993) (finding North Carolina statute of repose barred the plaintiff's claim based on an allegedly defective vehicle where the accident occurred in North Carolina and the plaintiff was a resident of North Carolina); Hampshire v. Ford Motor Co., 155 Mich. App. 143, 147 (1986) (applying California law to products liability claim where accident occurred in California and injured a California resident).

Following Hall, Farrell, and Hampshire in an automobile products liability action, the Sixth Circuit concluded that Tennessee's interest in applying its law outweighed Michigan's interest. Standard Fire, 723 F.3d at 694-99. In Standard Fire, the plaintiff insurance companies filed a products liability action against Ford Motor Company in Michigan as subrogees of their insured, John Lombard. Lombard is a Tennessee resident whose personal property and Tennessee home were damaged when his 1997 Lincoln Town Car caught fire in his driveway in

2007. The car was licensed, registered, and insured in Tennessee. The Sixth Circuit affirmed the district court's decision that Tennessee's interest in seeing its law applied outweighed Michigan's, where Michigan's interest was limited to being the site of Ford's headquarters.

Following the court's analysis in Standard Fire, the court finds that Indiana has a greater interest than Michigan in applying its law to this case. Plaintiff is a resident of Indiana, purchased and registered her Jeep in Indiana, and was injured in an accident in Indiana. The Michigan connections are that the Jeep was first sold in Michigan and that Defendant's headquarters are in Michigan. Under similar facts, Michigan courts have found that the presumption in favor of Michigan law was overcome. See Hall, Farrell, Hampshire, supra.

Plaintiff argues that the "wrong" here actually occurred in Michigan, where the Jeep was designed and first placed into the stream of commerce. This argument was rejected by the Standard Fire court, which noted: "The problem with this argument is that it finds no support in Michigan law." Standard Fire, 723 F.3d at 698. Plaintiff also notes the importance of regulating the automotive industry in Michigan. Although Michigan does have an interest in regulating the automotive industry, this factor has not been found to mandate the application of Michigan law in similar automotive products liability cases. See id. at 699.

Plaintiff also argues that Michigan's borrowing statute does not allow for the "borrowing" of another state's statute of repose. Michigan's borrowing statute, which concerns the borrowing of statutes of limitations, is silent with respect to statutes of repose. See M.C.L. 600.5861. This silence, however, has not been interpreted to preclude the application of another state's statute of repose under Michigan's choice-of-law rules. See Hall, 229 Mich. App. at 592 (declining to address argument regarding borrowing statute where court found North Carolina's statute of repose applied under choice-of-law analysis).

Consistent with the analysis in Standard Fire, the court finds that Indiana's interest in applying its law outweighs Michigan's. Indiana's statute of repose applies to bar Plaintiff's products liability claim.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  August 19, 2014

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 19, 2014, using the ECF system.

                                                <u>s/William Barkholz</u>
                                                Case Manager